UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  For Online Publication Only
RENATA CONTE,

              Plaintiff,

      -against-  **ORDER**
                                                                                    13-CV-6629(JMA)(SIL)

RACHEL BERGESON, in her Official and
Individual Capacity, SAMUEL L. STANLEY,
JR., in his Official and Individual capacity,
PETER BAIGENT, in his Official and Individual
capacity, JERROLD STEIN, in his Official and
Individual capacity, SHARON FLETCHER, in
her Official and Individual capacity, JOANN
GOETZ, in her Official and Individual capacity,
and SUSAN BLUM, in her Official and
Individual capacity,

              Defendants.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court are objections submitted by pro se plaintiff Renata Conte to Magistrate Judge Lindsay's August 9, 2017 Report and Recommendation ("R&R"). The R&R recommends that the Court: (1) grant defendants' motion for summary judgment on plaintiff's federal claims; and (2) decline to exercise supplemental jurisdiction over plaintiff's state law claims. Having conducted a review of the full record and the applicable law, the Court adopts the R&R in its entirety as the opinion of the Court.

      In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the Report to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

On the underlying motion, plaintiff was represented by counsel. Plaintiff, however, has proceeded pro se in filing her objections. As such, the Court has construed plaintiff's objections liberally and construed the objections to raise the strongest arguments they suggest.

After considering all of plaintiff's objections de novo,[1] the Court adopts the R&R in its entirety as the opinion of the Court. Accordingly, the Court: (1) grants defendants' motion for summary judgment on plaintiff's federal claims; and (2) declines to exercise jurisdiction over plaintiff's state law claims and dismisses those claims without prejudice.

The Clerk of Court is directed to close this case and mail a copy of this order to the pro se plaintiff.

**SO ORDERED.**

Dated: September 30, 2017
Central Islip, New York

                /s/ (JMA)
               JOAN M. AZRACK
               UNITED STATES DISTRICT JUDGE

---

[1] A district court may "refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the [m]agistrate [j]udge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting Haynes v. Quality Markets, No. 02-CV-250, 2003 WL 23610575, at *1 (E.D.N.Y. Sept. 22, 2003)), aff'd, 323 F. App'x 34 (2d Cir. 2009).

On that basis, the Court rejects all of the arguments and accompanying authority that plaintiff has raised for the first time in her objections. For example, although plaintiff's objection cites minimal case law, three of the primary cases that plaintiff relies on in her objection were not even cited in the brief that plaintiff's counsel submitted in response to defendants' motion for summary judgment. (See, e.g., Obj. at 18–20 (arguing that "the facts in Plaintiff's case are very similar to the facts in Matthews v. City of New York, 779 F.3d 167 (2d Cir. 2015)"); id. at 25–28 (arguing that plaintiff "had de facto tenure rights as described in Perry v. Sindermann, 408 U.S. 593 (1972)"). In any event, the Court has also considered all of the arguments and authorities raised in plaintiff's objection de novo and concludes that none of these points warrant denying summary judgment on plaintiff's federal claims.