MANDATE

17-3233
Conte v. Bergeson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

PRESENT:
          ROBERT A. KATZMANN,
               *Chief Judge,*
          DEBRA ANN LIVINGSTON,
          CHRISTOPHER F. DRONEY,
               *Circuit Judges.*

_____

Renata Conte,

          *Plaintiff-Appellant*,

     v.                                                                                        17-3233

Rachel Bergeson, in her Official and Individual capacity, Samuel L. Stanley, Jr., in his Official and Individual capacity, Peter Baigent, in his Official and Individual capacity, Jerrold Stein, in his Official and Individual capacity, Sharon Fletcher, in her Official and Individual capacity, Joann Goetz, in her Official and Individual capacity, Susan Blum, in her Official and Individual capacity,

          *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          Renata Conte, pro se, South Setauket, NY.

1

MANDATE ISSUED ON 04/03/2019

| | |
|---|---|
| FOR DEFENDANTS-APPELLEES: | David S. Frankel, Assistant Solicitor General, Anisha Dasgputa, Deputy Solicitor General, *for* Barbara D. Underwood, Attorney General, State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*; Lindsay, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Renata Conte, pro se,[1] filed a 42 U.S.C. § 1983 action against Rachel Bergeson and other employees of the State University of New York at Stony Brook, alleging violations of her First and Fourteenth Amendment rights, as well as state law.  Conte, a licensed pharmacist, asserted that the defendants retaliated against her and refused to renew her employment contract because she complained to the New York State Board of Pharmacy about Bergeson's alleged illegal dispensation of medication.  The district court granted the defendants' motion for summary judgment, and Conte now appeals.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the district court's grant of summary judgment de novo, "viewing the evidence in the light most favorable to the non-moving party."  *Cotarelo v. Vill. of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251 (2d Cir. 2006).  Summary judgment is appropriate when there are "no genuine material issues of fact and the moving party is entitled to judgment as a matter of law."  *Id*.

---

[1] Conte was represented by counsel until the magistrate judge issued a report and recommendation dismissing her case in August 2017.

"To survive a motion for summary judgment on a First Amendment retaliation claim, the plaintiff must present evidence which shows [1] that the speech at issue was protected, [2] that [s]he suffered an adverse employment action, and [3] that there was a causal connection between the protected speech and the adverse employment action." *Id*. (internal quotation marks and citation omitted). Courts conduct a two-step inquiry to determine whether a public employee's speech is protected. "'The first [step] requires determining whether the employee spoke as a citizen on a matter of public concern.'" *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). This first step, in turn, "encompasses two separate subquestions: (1) whether the subject of the employee's speech was a matter of public concern and (2) whether the employee spoke 'as a citizen' rather than solely as an employee." *Id.* (internal citation and quotation marks omitted).

> If the answer to either question is no, that is the end of the matter. If . . . both questions are answered in the affirmative, the court then proceeds to the second step of the inquiry, commonly referred to as the *Pickering* analysis: whether the relevant government entity "had an adequate justification for treating the employee differently from any other member of the public based on the government's needs as an employer."

*Id.* (quoting *Lane v. Franks*, 573 U.S. 228, 237 (2014)).

To assess whether the plaintiff's speech was a matter of public concern, courts consider "whether the employee's speech was calculated to redress personal grievances or whether it had a broader public purpose." *Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008) (internal quotation marks and citation omitted). To determine whether a plaintiff spoke as an employee or a citizen, courts examine "the nature of the plaintiff's job responsibilities, the nature of the speech, and the relationship between the two." *Ross v. Breslin*, 693 F.3d 300, 306 (2d Cir. 2012). "Speech can be 'pursuant to' a public employee's official job duties even though it is not required

3

by or included in that employee's job description." *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 203 (2d Cir. 2010) (concluding that speech was pursuant to employee's official duties because it related to his "ability to properly execute his duties").

Conte argues that her grievances to an outside regulatory body—the New York State Board of Pharmacy—were a matter of public concern because, by complaining about an individual who was dispensing medication without a license, she was voicing a concern related to the well-being of the Stony Brook student body. We agree with the district court that this claim fails at step one of the analysis because, even if Conte is correct that her complaints were about a matter of public concern, she was speaking as an employee, pursuant to her job duties, rather than as a private citizen. *See Ross*, 693 F.3d at 305 (stating that the "Constitution does not insulate" public employees making statements pursuant to their official duties from employer discipline "even when the subject of an employee's speech is a matter of public concern"). Conte's duties as a supervising pharmacist included ensuring that the pharmacy was in "compliance with the laws and regulations of federal and state agencies governing pharmac[ies]." Defendants' App. at 299. While it may not have been explicitly within Conte's job description to file her grievance about the pharmacy's lack of compliance with an outside body, and the Board invites and receives complaints from the general public, those facts do not render her speech that of a private citizen. "[T]he existence of a civilian analogue is not dispositive of whether a public employee spoke as a private citizen . . . ." *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018). Rather, it is "merely a factor" that a court can consider "as part of the inquiry into whether the public employee's speech was made pursuant to his ordinary employment-related responsibilities." *Id.* Here, Conte's complaint to the Board concerned the pharmacy's failure to abide by applicable rule

4

and regulations, which was squarely part of her job duties. Accordingly, the district court properly ruled that Conte's speech was not protected by the First Amendment.

We also perceive no error in the district court's dismissal of Conte's Fourteenth Amendment due process claims. To assert a property interest under procedural due process rights, a public employee must have a "legitimate claim of entitlement" to continued employment, such as a "state statute or University rule or policy." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577-78 (1972). Here, Conte does not argue that there was a written policy that provided her with a property interest in her job. Rather, she asserts that she had de facto tenure rights akin to the plaintiff in *Perry v. Sindermann*, 408 U.S. 593 (1972). But *Perry* is distinguishable; in that case, the employee relied on a faculty guide, which stated that the college "wishes the faculty member to feel that he has permanent tenure," as well as on the college's guidelines, which stated that an employee who worked for at least seven years had a form of tenure. 408 U.S. at 600. Conte does not cite similar evidence indicating that Stony Brook's renewal of her annual contract amounted to tenure. Moreover, Conte conceded that the defendants had discretion to decide whether she should continue to be employed, which militates against a finding of tenure. Because "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion," *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005), Conte did not have a protected property interest in continued employment.

We have considered Conte's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5